IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01898-CNS-KAS

ETHEREAL REJUVENATION CLINIC, PLLC,

    Plaintiff,

v.

SENTIENT LASERS, LLC,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff Ethereal Rejuvenation Clinic's **Motion for Clerk's Entry of Default Judgment for a Sum Certain** [#17] ("Motion"). The Motion was referred to the undersigned. *See* [#21]. The Court has reviewed the Motion [#17] and the exhibits attached thereto, Plaintiff's Supplemental Brief [#30] and the exhibits attached thereto, the April 18, 2025 Motion Hearing audio recording, the exhibits Plaintiff tendered at and since the hearing [#27, #28, #29], the entire case file, and the applicable law. For the reasons set forth below, the Court **DENIES** the Motion [#17].

## I. Background

This breach of contract matter arises from a failed commercial transaction between Plaintiff and Defendant Sentient Lasers, LLC. The following allegations are taken from the Complaint [#1] and are accepted as true for purposes of the Motion [#17]. *See United States v. Craighead*, 176 F. App'x 922, 924-25 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts

by the judgment, and is barred from contesting on appeal the facts thus established.") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The parties entered into a Contractual Sales Agreement ("Agreement") on February 9, 2024, whereby Plaintiff agreed to purchase a laser, Cynosure Elite iQ from Defendant for $59,000, which Plaintiff intended to use for its laser hair removal business. *Compl.* [#1] ¶¶ 5-8. For a couple of weeks following full payment, Plaintiff contacted Defendant to inquire about the shipment status of its purchased product. *Id*. ¶¶ 9-12. Defendant eventually informed Plaintiff that it was unable to procure Plaintiff's purchased laser but would attempt to procure a substitute product. *Id*. ¶ 11. Three days later, Defendant informed Plaintiff that it was unable to procure a substitute product and it would refund the $59,000 Plaintiff had paid. *Id*. at ¶ 12. A month passed and, despite multiple inquiries about refund status, Defendant had not issued the refund. *Id*. ¶ 13; *see also Supplemental Brief*, *Exhibit C* [#30] at 31-52. Plaintiff asserts that, "as a direct and proximate result of Defendant's breach, Plaintiff was unable [and] was delayed in providing [laser hair removal] service resulting in loss of profit." *Compl.* [#1] ¶ 17. To mitigate its lost profits, Plaintiff acquired the Cynosure Elite iQ laser from another source at a higher cost. *Id*. ¶ 18.

According to an executed Affidavit of Service [#9], Defendant's registered agent was purportedly served process on October 1, 2024. *See Affidavit of Service* [#9]. Therefore, Defendant's answer or other response to the Complaint [#1] was due October 22, 2024; however, no response was filed. Consequently, Plaintiff moved for the Clerk's entry of default, which the Clerk entered on October 31, 2024. *See Motion for Clerk's*

*Entry of Default* [#13]; *Clerk's Entry of Default* [#15]. On November 12, 2024, Plaintiff filed the instant Motion [#17]. The Court held a hearing on Plaintiff's Motion [#17] on April 18, 2025, to receive additional evidence and testimony in support of Plaintiff's Motion [#17]. Following the hearing, and pursuant to court order, Plaintiff submitted supplemental briefing to address the Court's jurisdictional concerns. *Supplemental Brief* [#30].

## II.  Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk enters default, Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the court for entry of default judgment against the party who has failed to plead or otherwise defend a lawsuit filed against it. A trial court has discretion to enter default judgment; a party is not entitled to it as of right. *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148-49 (D. Colo. 2014).

"[A] party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted). The plaintiff still must plead sufficient factual allegations to establish the defendant's liability, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206 (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment); *see also Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *5-10 (D. Colo. July 15, 2014) (adopting recommendation to deny motion for default judgment where the plaintiff failed to "provide the necessary factual details to support" his Fair Labor Standards Act claim). Where

3

plaintiffs' claims are barred or subject to dismissal, the district court may exercise its discretion to deny default judgment. *Bixler*, 596 F.3d at 762. The court may not enter default judgment where a complaint fails to satisfy the elements of the asserted claims or otherwise fails to state a cognizable claim, whether through well-pleaded allegations or supporting documents. *Day v. Career Bldg. Acad.*, No. 18-cv-00837-RM-KMT, 2021 WL 1723777, at *2 (D. Colo. Mar. 18, 2021). "On referral under 28 U.S.C. § 636(b), a magistrate judge has the authority to deny a motion for default judgment." *Nationwide Prop. & Cas. Ins. Co. v. Ramsdell*, No. 4:24-00038-AMA-PK, 2025 WL 1951485, at *1 n.3 (D. Utah July 16, 2025) (citing *Franklin v. Parnell*, 461 F. App'x 823, 825 n.2 (11th Cir. 2011)).

Finally, courts "may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Niemi v. Lasshofer*, 770 F.3d 1331, 1352 (10th Cir. 2014) (quoting *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

In deciding whether a legitimate basis exists for entry of judgment against a Defendant, as the defaulting party, the court must find that: (1) it has subject matter jurisdiction over the plaintiff's claims; (2) it can assert personal jurisdiction over the defendant; (3) the clerk properly entered default; (4) the plaintiff states a valid claim for relief; and (5) damages are ascertainable. *Postnet Int'l Franchise Corp. v. Jones*, No. 12-cv-03065-WYD, 2013 WL 5449855, at *1 (D. Colo. Sept. 30, 2013).

### III. Analysis

### A.     Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship, *i.e.*, citizens of different states, and the amount in controversy exceeds $75,000. According to the Complaint [#1], Plaintiff is a foreign corporation with a principal place of business in King County in Washington State. *Compl.* [#1] ¶ 1. Defendant is a domestic corporation incorporated under Colorado laws, with a principal office in Denver, Colorado. *Id*. ¶ 2. Additionally, Plaintiff seeks entry of judgment against Defendant "for an amount in excess of $75,000[.]" *Id*. at 6.

The Court acknowledges that the fully executed Sales Agreement contains a dispute resolution provision that states,

> You agree that by entering into this agreement you are waiving the right to trial by jury or to participate in a class action against Sentient. The Parties agree that any dispute with Sentient will be submitted for strictly confidential arbitration.

*Settlement Agreement* [#30], Exhibit A at 24 § 13. Plaintiff argues that the arbitration clause does not divest the Court of jurisdiction over the breach of contract claim because Defendant has waived its right to arbitration. *See Supplemental Brief* [#30] at 3-6. Plaintiff further argues that, until a party seeks to compel arbitration, a court retains jurisdiction over matters that the parties agreed to submit to jurisdiction. *Id*. at 6-7.

The Court agrees with both arguments. First, Defendant received pre-suit notice on at least two occasions that Plaintiff intended to proceed with litigation. On May 8, 2024, Plaintiff's Office Manager, Ashnapreet Nagi, emailed Defendant's "entire board" with one final refund demand and a warning that failure to issue a refund "by close of business on

5

Wednesday, May 15th 2024," will result in the initiation of "legal proceedings to recover the outstanding funds." *Supplemental Brief*, *Exhibit D* [#30] at 54-55; *Exhibit F* [#30] at 60 ¶ 1; *see also Supplemental Brief* [#30] at 3. Then, a letter dated May 13, 2024, from Plaintiff's counsel to Defendant demanded "a full and complete refund of $59,000.00" as "a final attempt to resolve this matter without litigation[.]" *Id.*, *Exhibit E* [#30] at 57. The letter further stated, "should Sentient Lasers, LLC compel arbitration short of tendering a full refund, please be advised that claimant will seek all costs associated with the same as permitted[.]" *Id.* at 58. Defendant did not respond to the May 8, 2024 email or the May 14, 2024 letter or otherwise invoke the arbitration clause. *See Supplemental Brief* [#30] at 3. Therefore, the Court concludes that Plaintiff has met its burden of proving waiver and the Court finds that Defendant has waived arbitration. *See Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, No. CIV-22-932-J, 2023 WL 3931492, at *1 (W.D. Okla. April 19, 2023) (noting that a party urging waiver bears the burden of proof and rejecting the defendant's attempt to vacate default judgment upon finding that the defendant's actions demonstrated waiver of arbitration).

Second, while the Federal Arbitration Act requires courts to "'rigorously enforce' arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 230 (2013), courts have "no authority to *sua sponte* enforce an arbitration provision," *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036(JS0(ETB), 2013 WL 1332725, at *3 (E.D.N.Y. Mar. 29, 2013).

Therefore, this factor is satisfied.

**B.     Personal Jurisdiction**

Before the Court may enter default judgment, Plaintiff bears the burden of establishing that personal jurisdiction exists. *Malluk v. Berkeley Highlands Prods. LLC*, 611 F. Supp. 3d 1134, 1138 (D. Colo. 2020).

Without proper service of process, a court cannot assert personal jurisdiction over a party. *See Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (stating, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.") (citation omitted). Because Defendant is a limited liability company, Federal Rule of Civil Procedure 4(h), which governs service of process on corporate entities, applies. Rule 4(h) provides that a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual"; or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant". FED. R. CIV. P. 4(h)(1)(A) and (B). Rule 4(e)(1) also provides that service may be effectuated by following state law for the service of either the state "where the district court is located or where service is made[.]" FED. R. CIV. P. 4(e)(1).

Colorado law authorizes service upon a corporate entity as follows: "by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or of any other jurisdiction, or that agent's secretary or assistant," or on an officer, general partner, manager, or other identified person. COLO. R. CIV. P. 4(e)(4).

7

Here, the Affidavit of Service [#9] demonstrates that process was served on the registered agent of Defendant's registered agent, Mankwitz Family Partnership. Specifically, the process server declared:

> 10/1/2024 at 9:46 a.m. I executed Service upon the Mankwitz Family Partnership via registered agent Universal Registered Agents at 36 S. 18th Avenue, suite D Brighton, CO 80601. Bonnie Zanzetti, client service specialist, confirmed her identity and accepted the court papers.

*Affidavit of Service* [#9].

In simple terms, process was served on Mankwitz Family Partnership via its registered agent. Neither Rule 4(e)(4) of the Colorado Rules of Civil Procedure nor Rule 4(h) of the Federal Rules of Civil Procedure contemplates service on a registered agent's registered agent.

The Court takes judicial notice of the business filing records of the Colorado Secretary of State. *See Allen v. United Props. & Constr., Inc.*, No. 07-cv-00214, 2008 WL 4748511, at *3 (D. Colo. Oct. 28, 2008) (taking judicial notice of business filings on Colorado Secretary of State's website in its determination of service of process validity). At the time of the October 1, 2024 service of process, Defendant Sentient Lasers' most recent filing was a Periodic Report filed on July 25, 2023. COLO. SECY' OF STATE, https://www.coloradosos.gov/biz/BusinessEntityHistory.do?&cmd=passgo&pi1=2 (last visited Aug. 21, 2025). That Periodic Report identified Mankwitz Family Partnership, LLLP as Defendant's registered agent, with a "registered agent's street address" and "registered agent's mailing address" of 2482 S. Saint Paul Street, Denver, Colorado 80210. *Id*. This is a *different* address than where process was served.

The Court has also reviewed the Secretary of State filings of Mankwitz Family Partnership. At the time of the October 1, 2024 service of process, Mankwitz Family

8

Partnership's most recent filing was a Periodic Report filed on March 8, 2023. COLO. SECY'

OF STATE,

https://www.coloradosos.gov/biz/BusinessEntityHistory.do?&cmd=passgo&pi1=3 (last

visited Aug. 21, 2025). That Periodic Report identified Universal Registered Agents, Inc.

as Mankwitz Family Partnership's registered agent with a "registered agent's street

address" and "registered agent's mailing address" of 36 S. 18th Avenue, Suite D,

Brighton, Colorado 80601. *Id*. As noted above, the Affidavit of Service [#9] demonstrates

that service occurred at Universal Registered Agents' address, not Mankwitz Family

Partnership's address.

"The Colorado Supreme Court has held that a registered agent may be served in

the same manner as a 'natural person,' namely, 'at the person's usual workplace, with

the person's secretary, administrative assistant, bookkeeper, or managing agent.'"

*Howarth v. TCER, LLC*, No. 20-cv-03230-PAB-KMT, 2021 WL 4775270, at *4 (D. Colo.

Oct. 13, 2021) (quoting *Goodman Assocs., LLC v. WP Mountain Props.*, 222 P.3d 310,

316 (Colo. 2010) (quoting Colo. R. Civ. P. 4(e)(1)). Construed in context, "managing

agent" could not possibly mean "registered agent." As the Colorado Supreme Court noted

nearly 140 years ago:

> It is quite clear that the legislature attached importance to the term 'managing agent,' and employed it to distinguish a person who should be invested with general power, involving the exercise of *judgment* and *discretion*, from an ordinary agent or employe[e] who acted in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing same.

*Great W. Min. Co. v. Woodmas of Alston Min. Co.*, 20 P. 771, 774 (Colo. 1888) (emphasis

added). Thus, "managing agent" refers to holders of positions like officer, general partner,

or manager or member of a limited liability company, not to a registered agent whose sole

9

function is to "receive service of any process, notice, or demand required or permitted by law to be served on the entity," including notices or other documents from the Colorado Secretary of State. COLO. REV. STAT. § 7-90-704(1). To hold otherwise would lead to absurd results: Process servers would become participants in an endless game of chasing down a registered agent in the chain of agents willing to accept service. And plaintiffs would have no assurance that defendants ever received actual notice of the suit.

"To bind a corporation, the service of process must be upon the identical agent provided by the statute." *Great W. Min. Co.*, 20 P. at 774. Here, as required by statute, Defendant's listed registered agent is Mankwitz Family Partnership. Therefore, process needed to be served at Mankwitz Family Partnership's location, not at the location of Mankwitz Family Partnership's registered agent. Because process was served on Mankwitz Family Partnership's registered agent, it is invalid, and the Court cannot assert personal jurisdiction over Defendant. Without personal jurisdiction over Defendant, the Court has no authority to recommend entry of default judgment against Defendant. Therefore, the Court declines to further consider the Motion [#30]. Accordingly, the Motion [#30] is **denied**.

### VI. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#30] is **DENIED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to vacate entry of default [#15] because service of process was invalid.

IT IS FURTHER **ORDERED** that Plaintiff shall effectuate service of process on Defendant Sentient Lasers, LLC by no later than **September 12, 2025**.

IT IS FURTHER **ORDERED** that Plaintiff shall file a fully executed return of service onto the court docket by no later than **September 19, 2025**.

Dated: August 21, 2025

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge