IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01898-KAS

ETHEREAL REJUVENATION CLINIC, PLLC,

Plaintiff,

v.

SENTIENT LASERS, LLC,

Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Renewed Motion for Clerk's Entry of Default Judgment for a Sum Certain** [#44] (the "Motion"). The Motion has been referred to the undersigned. *See Memorandum* [#45]. The Court has reviewed the Motion, the entire case file, and the applicable law. For the following reasons, the Court **RECOMMENDS** that the Motion [#44] be **GRANTED in part** and **DENIED in part**.

**I. Background**

This breach of contract matter arises from a failed commercial transaction between Plaintiff Ethereal Rejuvenation Clinic, PLLC and Defendant Sentient Lasers, LLC. The following allegations are taken from the Complaint [#1] and are accepted as true for purposes of the Motion [#17]. *See United States v. Craighead*, 176 F. App'x 922, 924-25 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

The parties entered into a Contractual Sales Agreement ("Agreement") on February 9, 2024, whereby Plaintiff agreed to purchase a laser, Cynosure Elite iQ from Defendant for $59,000, which Plaintiff intended to use for its laser hair removal business. *Compl.* [#1] ¶¶ 5-8. For a couple of weeks following full payment, Plaintiff contacted Defendant to inquire about the shipment status of its purchased product. *Id.* ¶¶ 9-12. Defendant eventually informed Plaintiff that it was unable to procure Plaintiff's purchased laser but would attempt to procure a substitute product. *Id.* ¶ 11. Three days later, Defendant informed Plaintiff that it was unable to procure a substitute product and it would refund the $59,000 Plaintiff had paid. *Id.* at ¶ 12. A month passed and, despite multiple inquiries about refund status, Defendant had not issued the refund. *Id.* ¶ 13; *Motion*, *Ex. E*, *Text Messages* [#44] at 45-67. Plaintiff asserts that, "as a direct and proximate result of Defendant's breach, Plaintiff was unable [and] was delayed in providing [laser hair removal] service resulting in loss of profit." *Compl.* [#1] ¶ 17. To mitigate its lost profits, Plaintiff acquired the Cynosure Elite iQ laser from another source at a higher cost. *Id.* ¶ 18. On July 9, 2024, Plaintiff sued Defendant for breach of contract and seeks to recover its damages and costs. *See Compl.* [#1] at 4-6.

## II. Standard of Review

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the clerk enters default, Federal Rule of Civil Procedure 55(b)(2) permits a party to apply to the court for entry of default judgment against the party who has failed to plead or otherwise defend a lawsuit filed against it. A trial court has discretion to enter default judgment; a party is not entitled to it

as of right. *Purzel Video GmbH v. Martinez*, 13 F. Supp. 3d 1140, 1148-49 (D. Colo. 2014).

"[A] party in default does not admit mere conclusions of law." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citation omitted). The plaintiff still must plead sufficient factual allegations to establish the defendant's liability, and "[t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (vacating district court's entry of default judgment because the pleadings were insufficient to support the judgment); *see also Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201, at *5-10 (D. Colo. July 15, 2014) (adopting recommendation to deny motion for default judgment where the plaintiff failed to "provide the necessary factual details to support" his Fair Labor Standards Act claim). Where a plaintiff's claims are barred or subject to dismissal, the district court may exercise its discretion to deny default judgment. *Bixler*, 596 F.3d at 762. The court may not enter default judgment where a complaint fails to satisfy the elements of the asserted claims or otherwise fails to state a cognizable claim, whether through well-pleaded allegations or supporting documents. *Day v. Career Bldg. Acad.*, No. 18-cv-00837-RM-KMT, 2021 WL 1723777, at *2 (D. Colo. Mar. 18, 2021). Additionally, courts "may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Niemi v. Lasshofer*, 770 F.3d 1331, 1352 (10th Cir. 2014) (quoting *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)).

In deciding whether a legitimate basis exists for entry of judgment against a defendant, as the defaulting party, the court must find that: (1) it has subject matter

jurisdiction over the plaintiff's claims; (2) it can assert personal jurisdiction over the defendant; (3) the clerk properly entered default; (4) the plaintiff states a valid claim for relief; and (5) damages are ascertainable. *Postnet Int'l Franchise Corp. v. Jones*, No. 12-cv-03065-WYD, 2013 WL 5449855, at *1 (D. Colo. Sept. 30, 2013).

## III. Analysis

### A. Subject Matter Jurisdiction

The Court has subject matter jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship, *i.e.*, citizens of different states, and the amount in controversy exceeds $75,000. According to the Complaint [#1], Plaintiff is a foreign corporation with a principal place of business in King County in Washington State. *Compl.* [#1] ¶ 1. Defendant is a domestic corporation incorporated under Colorado laws, with a principal office in Denver, Colorado. *Id*. ¶ 2. Additionally, Plaintiff seeks entry of judgment against Defendant "for an amount in excess of $75,000[.]" *Id*. at 6.

The Court acknowledges that the fully executed Agreement contains a dispute resolution provision that states,

> You agree that by entering into this agreement you are waiving the right to trial by jury or to participate in a class action against Sentient. The Parties agree that any dispute with Sentient will be submitted for strictly confidential arbitration.

*Motion*, *Exhibit B*, *Agreement* [#44] at 32 § 13. Plaintiff argues that the arbitration clause does not divest the Court of jurisdiction over the breach of contract claim because Defendant has waived its right to arbitration. *See Suppl. Br.* [#30] at 3-6. Plaintiff further argues that, until a party seeks to compel arbitration, a court retains jurisdiction over matters that the parties agreed to submit to jurisdiction. *Id*. at 6-7.

The Court agrees with both arguments. First, Defendant received pre-suit notice on at least two occasions that Plaintiff intended to proceed with litigation. On May 8, 2024, Plaintiff's Office Manager, Ashnapreet Nagi, emailed Defendant's "entire board" with one final refund demand and a warning that failure to issue a refund "by close of business on Wednesday, May 15th 2024," will result in the initiation of "legal proceedings to recover the outstanding funds." *Motion*, *Ex. F*, *Emails* [#44] at 69-70. Then, a letter dated May 13, 2024, from Plaintiff's counsel to Defendant demanded "a full and complete refund of $59,000.00" as "a final attempt to resolve this matter without litigation[.]" *Motion*, *Ex. G* [#44] at 72. The letter further stated, "should Sentient Lasers, LLC compel arbitration short of tendering a full refund, please be advised that claimant will seek all costs associated with the same as permitted[.]" *Id*. at 73. Defendant did not respond to the May 8, 2024 email or the May 14, 2024 letter or otherwise invoke the arbitration clause. *See Suppl. Br.* [#30] at 3. Therefore, the Court concludes that Plaintiff has met its burden of proving waiver and the Court finds that Defendant has waived arbitration. *See Choice Hospice, Inc. v. Axxess Tech. Sols., Inc.*, No. CIV-22-932-J, 2023 WL 3931492, at *1 (W.D. Okla. April 19, 2023) (noting that a party urging waiver bears the burden of proof and rejecting the defendant's attempt to vacate default judgment upon finding that the defendant's actions demonstrated waiver of arbitration).

Second, while the Federal Arbitration Act requires courts to "'rigorously enforce' arbitration agreements according to their terms," *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 230 (2013), courts have "no authority to *sua sponte* enforce an arbitration provision," *Amiron Dev. Corp. v. Sytner*, No. 12-CV-3036(JS0(ETB), 2013 WL 1332725, at *3 (E.D.N.Y. Mar. 29, 2013).

Therefore, this factor is satisfied.

**B. Personal Jurisdiction**

"[S]ervice of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992). "[D]istrict courts cannot obtain personal jurisdiction without proper service." *Doran Law Office v. Stonehouse Rentals, Inc.*, 678 F. App'x 733, 735 (10th Cir. 2017) (citing *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

A domestic or foreign corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that an individual may be served "by following state law for serving a summons in an action[.]" Colorado law authorizes service upon a corporate entity as follows: "by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or of any other jurisdiction, or that agent's secretary or assistant," or on an officer, general partner, manager, or other identified person. COLO. R. CIV. P. 4(e)(4).

According to an executed Affidavit of Service [#38], Defendant's registered agent was served process on August 29, 2025. Based on this, the Court finds that it has personal jurisdiction over Defendant.

**C. Clerk's Entry of Default**

With a service date of August 29, 2025, Defendant's answer or other response to the Complaint [#1] was due on September 19, 2025, three weeks after service. *See* FED. R. CIV. P. 12(a)(1)(A)(i). Defendant failed to answer or otherwise respond to the SEC's Complaint. Accordingly, the Clerk of Court properly entered default on the Plaintiff's

motion on September 26, 2025. *See Motion for Entry of Default* [#40]; *Clerk's Entry of Default* [#41].

**D. Whether Plaintiff Has Stated a Valid Claim for Relief**

Plaintiff has asserted a breach of contract claim. The Agreement contains a Utah choice of law provision. *Motion*, *Exhibit B*, *Agreement* [#44] at 32 § 13 ("This Agreement is governed by the State of Utah, without regard to its principles of conflict of laws[.]"). The elements of a breach of contract claim are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party; and (4) resulting damages to the plaintiff. *Syme v. Symphony Grp. LLC*, 437 P.3d 576, 582 (Utah Ct. App. 2018).

Plaintiff has satisfied those elements. Pursuant to the terms of the Agreement for the purchase of a medical laser, Plaintiff sent payment in the amount of $59,000 to Defendant, but Defendant never sent the laser to Plaintiff. *Motion*, *Ex. B*, *Invoice* [#44] at 25; *Proof of Wire Transfer* [#27][1]. Though Defendant promised to refund the paid sums, the refund never occurred. *See Motion*, *Ex. E*, *Text Messages* [#44] at 61-68; *Id.*, *Ex. F*, *Emails* [#44] at 69-70; *Id.*, *Ex. G*, *Att'y Letter* [#44] at 72-73. As a result, Plaintiff purchased a medical laser from another source at a higher price, and lost revenue due to delays in opening a second medical spa where the purchased laser would be used. *See id.*, *Ex. C*, *Replacement Purchase Agreement* [#44] at 35.

**E. Damages**

A plaintiff who seeks default judgment must "establish that on the law it is entitled to the relief it requests, given the facts as established by the default." *N. Star Sci. Sols.,*

[1] This document is filed under Level 2 restriction, which limits access to the Court and the filing party. *See* D.C.COLO.LCivR 7.2(b).

*LLC v. Mich. Health Clinics*, No. 24-cv-00541-GPG-STV, 2025 WL 902427, at *4 (D. Colo. Feb. 25, 2025) (internal quotation and citation omitted), *report and recommendation adopted*, 2025 WL 1251222 (D. Colo. Mar. 27, 2025). While a complaint's well-pleaded facts are accepted as true on a motion for default judgment, "allegations relating to the amount of damages are generally not accepted as true," unless those facts are set forth in affidavits and exhibits. *Id*. A plaintiff "must provide detailed support for [its] damage claim." *Zayo Grp., LLC v. 6x7 Networks, LLC*, 637 F. Supp. 3d 1164, 1168 n.5 (D. Colo. 2022) (citation omitted).

Here, Plaintiff seeks entry of an $82,814 default judgment. *Motion* [#44] at 5. Plaintiff reaches that figure based on:

- Money paid to Defendant for the medical laser: $59,000
- Difference in price between the laser purchased from Defendant and a replacement laser purchases from another source: $23,000
- Process server and filing fee costs: $814 ($409 for process server, $405 for filing fees).

*Motion* [#44] at 5; *Id*., *Ex. D*, *Aff*. [#44] at 43; *Motion*, *Ex. B*, *Invoice* [#44] at 25; *Proof of Wire Transfer* [#27]; *Ex. C*, *Replacement Purchase Agreement* [#44] at 35; *Docket Entry* [#1] (reflecting payment of $405 filing fee); *Executed Summons* [#38] ($95 server fee); *Motion*, *Ex. A*, *Executed Summons* [#44] at 23 ($104 server fee).[2]

[2] While Plaintiff appears to have only provided proof of $199 in process server fees, the docket reflects at least three attempts to serve Defendant. *See Executed Summonses* [#9, #34, #38]. Therefore, the Court finds the request for $409 in process server fees is reasonable.

Plaintiff has proved adequate support to establish the amount of the never-paid refund and his costs. The Court next considers whether Plaintiff has demonstrated an entitlement to $23,000 in consequential damages.

Generally, a non-breaching party may pursue two categories of recoverable damages: "general damages, which flow naturally from the breach, and consequential damages, which, while not an invariable result of breach, were reasonably foreseeable by the parties at the time the contract was entered into." *Castillo v. Atlanta Cas. Co.*, 939 P.2d 1204, 1209 (Utah Ct. App. 1997). A three-pronged analysis applies to requests for consequential damages. A plaintiff "must (1) prove that [it] *in fact* has such damages, (2) establish the *amount* of such damages with reasonable certainty, and (3) show that the damages were within the *contemplation* of the parties at the time of contracting." *Id*. Plaintiff has satisfied the first and second prong. The Court considers whether Plaintiff has also satisfied the third prong. "Consequential damages include any loss caused by general or particular needs of the buyer of which the seller had reason to know at the time of contracting and which could not reasonably be prevented by cover or otherwise." *Murray v. Holiday Rambler, Inc.*, 265 N.W.2d 513, 525 (Wis. 1978) (citing Wisconsin's Uniform Commercial Code – Sales, WIS. STAT. § 402.715).

Here, the Agreement contains an express limitation of liability provision, which Plaintiff does not address at all in its Motion [#44]. The provision states that Defendant's "aggregate liability to [Plaintiff] under any recovery will not exceed the Total Purchase Price." *Motion*, *Exhibit B*, *Agreement* [#44] at 31 § 5. That provision further explains that "[Defendant's] liability will be limited to direct damages incurred by [Plaintiff]. This limited warranty is the *exclusive remedy* against [Defendant] and in lieu of any other warranty,

express or implied." *Id*. (emphasis added). Additionally, Defendant expressly disclaimed any "liab[ility] for any indirect, special, incidental, *consequential*, or punitive damages for alleged injury to person or property, lost profits or sales, or any other claimed consequential loss related to this Agreement." *Id*. (emphasis added). In sum, the Agreement's plain terms exclude the very consequential damages that Plaintiff seeks. Therefore, the undersigned **recommends** denying Plaintiff's Motion [#44] to the extent it seeks entry of judgment that includes consequential damages. *Cf. Leanin' Tree, Inc. v. Thiele Techs., Inc.*, 43 F. App'x 318, 324-25 (10th Cir. 2002) (affirming district court's determination that limitation of liability provision did not bar recovery of consequential damages resulting from non-delivery of purchased equipment because that provision expressly concerned consequential damages arising from the equipment or its use, which the Circuit Court construed to mean after the purchaser takes possession of the machine).

Accordingly, the Court **recommends** that damages be awarded in the amount of $59,814.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **RECOMMENDED** that the Motion [#44] be **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **RECOMMENDED** that Plaintiff be awarded $59,814 in damages, plus post-judgment interest at the rate provided by 28 U.S.C. § 1961.

IT IS FURTHER **ORDERED** that any party may file objections **within 14 days** of service of this Recommendation. In relevant part, Federal Rule of Civil Procedure 72(b)(2) provides that, "within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings

and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). The objection must be "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* "[A] party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions." *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

Dated: August 30, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge