IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-01898-CNS-KAS

ETHEREAL REJUVENATION CLINIC, PLLC,

Plaintiff,

v.

SENTIENT LASERS, LLC,

Defendant.

---

ORDER

---

Before the Court is United States Magistrate Judge Kathryn A. Starnella's Report and Recommendation of United States Magistrate Judge (Recommendation) recommending that Plaintiff Ethereal Rejuvenation Clinic, PLLC's Renewed Motion for Default Judgment be granted. *See* ECF No. 44 (Renewed Motion for Default Judgment); ECF No. 47 (Recommendation). Neither party has objected to the Recommendation. Just as critical, Defendant Sentient Lasers, LLC, did not respond to the renewed default judgment motion and have not otherwise appeared or participated in this lawsuit, despite being served. *See* ECF No. 9. For the reasons described below, the Court AFFIRMS and ADOPTS the Recommendation and GRANTS in part and DENIES in part the Renewed Motion for Default Judgment.

## I. BACKGROUND[1]

This action arises out of a Contractual Sales Agreement (the Agreement) entered into by Plaintiff and Defendant, pursuant to which Plaintiff agreed to purchase a laser, Cynosure Elite iQ, from Defendant. ECF No. 47 at 2. The Agreement also contained an express limitation of liability provision that limited Defendant's liability to direct damages. *Id*. at 9. Defendant subsequently informed Plaintiff that it would refund Plaintiff because it was unable to procure the laser or a substitute product. *Id*. After a month had passed, Defendant had not issued a refund. *Id*. To mitigate its lost profits, Plaintiff acquired the Cynosure Elite iQ from another source at a higher cost. *Id*.

On July 9, 2024, Plaintiff filed this action against Defendant for breach of contract and sought to recover its damages and costs. *Id*. On August 29, 2025, Plaintiff properly served Defendant by delivering the Summons and Complaint on Defendant's registered agent. *See id*. at 6; ECF No. 38. Despite being served, Defendant never entered an appearance in the case. On September 24, 2025, Plaintiff filed a Motion for Entry of Default, ECF No. 40, and default was entered against Defendant on September 26, 2025, ECF No. 41. On December 12, 2025, Plaintiff filed the instant motion for default judgment against Defendant, seeking a monetary judgment against Defendant for the purchase price and the cost of cover, as well as costs of this action. *See* ECF No. 44 at 5. The Court referred the motion to Magistrate Judge Starnella. ECF No. 45.

On August 30, 2026, Magistrate Judge Starnella issued a Recommendation finding that Defendant substantially breached the Agreement and recommending that Plaintiff's

[1] The following facts are drawn from the Recommendation, ECF No. 47, unless otherwise noted.

motion for default judgment be granted in part and denied in part. ECF No. 47 at 7, 10. The Recommendation further determined that the Court should issue an order awarding Plaintiff a monetary judgment in an amount that includes the purchase price and Plaintiff's costs, but not the cost of cover. *Id*. at 7–10. No party objected to the Recommendation.

## II. LEGAL STANDARD & ANALYSIS

When—as is the case here—a party does not object to a Magistrate Judge's Recommendation, the Court "may review a magistrate [judge]'s report under any standard it deems appropriate." *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). The Court is "accorded considerable discretion" when reviewing "unchallenged" recommendations. *Id.* Here, the Court has reviewed de novo Magistrate Judge Starnella's thorough Recommendation and is satisfied that it is sound and that there is no clear error on the face of the record.

## III. CONCLUSION

Consistent with the above, the Court ORDERS as follows:

(1) The Court AFFIRMS and ADOPTS Magistrate Judge Starnella's Recommendation, ECF No. 47, in its entirety as an order of this Court;

(2) The Renewed Motion for Default Judgment, ECF No. 44, is GRANTED in part and DENIED in part;

(3) Defendant is ORDERED to pay Plaintiff the following damages:

a. Monetary damages in the amount of $59,814; and

b. Post-judgment interest at the federal rate pursuant to 28 U.S.C. § 1961.

DATED this 15th day of September 2026.

BY THE COURT:

________________________________________

Charlotte N. Sweeney
United States District Judge